UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

MANUEL HORNEDO,

           Petitioner,

   -against-                                 MEMORANDUM & ORDER
                                                 04-CV-3201 (NGG) (RLM)
DALE ARTUS, Warden,
Clinton Correctional Facility,

           Defendant.
───────────────────────────────X

NICHOLAS G. GARAUFIS, United States District Judge:

On January 26, 2007, Magistrate Judge Roanne L. Mann issued a Report and Recommendation ("R & R") in this matter recommending that Petitioner Manuel Hornedo's ("Petitioner" or "Hornedo") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied on the grounds that (1) the state court did not violate his Fourth Amendment rights by failing to suppress custodial statements and identification evidence as fruits of an illegal arrest, and (2) he was not deprived of his right to due process and a fair trial by the state court's refusal to suppress unreliable identification evidence as fruits of an illegal arrest.[1] Petitioner filed an objection to Judge Mann's R & R by motion filed with this court on February 9, 2007. As the Petitioner timely filed objections to the Magistrate Judge's R & R, this court conducts a *de novo* review of all portions of the R & R to which the Defendant specifically objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon *de novo* review, for the reasons explained below, this court adopts Judge Mann's recommendation in its entirety, and Hornedo's

---

[1] Familiarity with the facts of the case and the findings of the R & R is assumed.

1

Petition is therefore denied. In this Memorandum and Order ("M & O"), I adopt the discussion and conclusions of Judge Mann's thorough and thoughtful R & R and discuss only those issues to which Petitioner objected.

## I. Fourth Amendment Claim

Magistrate Judge Mann correctly held that Petitioner's Payton claim, regarding his arrest in his mother's apartment, is not cognizable on habeas review. Petitioner objects to the R & R, and asks this court to "review the evidence vouched in Petitioner's case" since, he argues, "[t]here will be no finding of a lease with his name on it." (Petitioner's Objections to Magistrate Judge Mann's R & R ("Objections") at 4.)

Stone v. Powell, 428 U.S. 465 (1976), precludes this court from granting any habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Furthermore, the Second Circuit has made it clear, interpreting Powell, that this court may review a Fourth Amendment claim only where "(a) . . . the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) . . . the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc)). Petitioner does not argue a lack of corrective mechanisms, since under the New York Criminal Procedure Law, he had the right to file a pretrial suppression motion. Rather, he claims that an unconscionable breakdown in the process deprived him of his right to litigate his Payton challenge.

Having reviewed the evidence surrounding Petitioner's arrest and the ensuing state-court Payton hearing, this court finds no evidence of an unconscionable breakdown in the process.

2

Moreover, Petitioner has not identified any such breakdown in his objections to the R & R. Notwithstanding the procedural bar of Stone v. Powell, the court agrees with Magistrate Judge Mann that Petitioner's challenge to the admissibility of his post-arrest statement to law enforcement and the lineup evidence, under the theory that they should be suppressed because of an alleged Payton violation, is not cognizable on federal habeas review. See Carrion v. Phillips, No. 05 Civ. 189 (PAC), 2005 WL 3068175, at *6 (S.D.N.Y. Nov. 15, 2005) (holding that "[i]t is a well-settled principle that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991).

Thus, the court rejects Petitioner's arguments that habeas relief should be granted on Fourth Amendment grounds.

## II. Exhaustion

Petitioner claims that he was denied due process of law because of the admission of in-court identification testimony that was the product of an impermissibly suggestive lineup and photo array. In her R & R, Magistrate Judge Mann found that Petitioner failed to exhaust this due process claim in state court because he did not present his due process eyewitness identification challenge to the New York Court of Appeals, instead raising only his Fourth Amendment and prosecutorial misconduct claims. (See R & R at 14-15.) Petitioner has objected to the R & R on this ground but has failed to provide any basis for the objection.

In the first place, in order to preserve a claim for review, a petitioner must make reference to specific findings or recommendations to which he or she objects. See Mario v. P & C Food Mkts., Inc. 313 F.3d 758, 766 (2d Cir. 2002) (holding that a "bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve" the petitioner's claim.") Even

3

assuming Petitioner has done so, the court agrees with Magistrate Judge Mann's conclusion that Petitioner's claims have not been exhausted. Petitioner failed to present his lineup and photo array claims to the New York Court of Appeals. His time for seeking reconsideration of denial of his leave application has expired, and New York limits criminal defendants to one application. See N.Y. Comp. Codes R. & Regs., tit. 22 § 500.20(d); People v. Nesbitt, 621 N.Y.S.2d 867 (1st Dep't 1995) ("Denial of the application for permission to appeal . . . is final and no new application may thereafter be made to any other judge or justice.") Furthermore, as Magistrate Judge Mann found, "Petitioner is also procedurally barred from seeking collateral review of the claim in state court, as the issue could have been raised on direct appeal." (R & R at 16 (citing N.Y. Crim. Pro. L. § 440.10(2)(c)).) The court therefore agrees that Petitioner has failed to satisfy the exhaustion requirement on his due process eyewitness identification claim. See Perez v. Greiner, 296 F.3d 123, 124 n.2 (2d Cir. 2002).

Furthermore, habeas review of a procedurally defaulted claim is available only where a petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice," Coleman v. Thompson, 501 U.S. 722, 750 (1991), which requires the petitioner to show that he is "actually innocent." Aparicio, 269 F.3d at 90. This court further agrees with Magistrate Judge Mann's finding that Petitioner has "argued neither cause and prejudice nor actual innocence . . . [and t]herefore, the Court cannot consider petitioner's due process challenges to the lineup and photo array." (R & R at 16 (citing Daily v. New York, 388 F. Supp. 2d 238, 247 (S.D.N.Y. 2005)).)

Thus, the court rejects Petitioner's arguments that habeas relief should be granted based on his due process challenge to identification evidence.

4

### III. Prosecutorial Misconduct

Plaintiff also includes a one-sentence objection that he "relies in [sic] the case-Law [sic] provided in his memorandum of law . . . to support the above claim that the prosecutor deprived the Petitioner a right to a fair trial." Once again, in order to preserve a claim for review, a petitioner must make reference to specific findings or recommendations to which he or she objects. See Mario, 313 F.3d at 766. This court has reviewed Petitioner's prosecutorial misconduct claim, and agrees with Magistrate Judge Mann that there was no constitutional error for the reasons described in the R & R. Thus, the court rejects Petitioner's arguments that habeas relief should be granted on his prosecutorial misconduct claim.

### IV. Conclusion

Upon *de novo* review, this court adopts the recommendation of Magistrate Judge Mann in its entirety and Hornedo's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby denied. Because Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The court certifies, pursuant to 28 U.S.C. § 1915(a), that any in forma pauperis appeal from this judgment would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to close the case and to mail a copy of this M & O to the *pro se* Petitioner.

SO ORDERED.

Dated: February 5, 2008  
Brooklyn, N.Y.

/signed/  
NICHOLAS G. GARAUFIS  
United States District Judge

5